**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn C Ward, | No. CV-24-00713-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Shaffer/Crete Trucking, | |
| Defendant. | |

At issue is Defendant Crete Carrier Corporation's ("Crete") motion to dismiss (Doc. 9), which is fully briefed (Docs. 14 and 15) and, for reasons explained below, will be granted.

Plaintiff Shawn Ward, who is self-represented, alleges that Crete, his former employer, lowered his wages from $100,000 per year to $70,000 per year and generally mistreated him. (Doc. 1.) The complaint does not identify any federal statute that Crete allegedly violated, nor does it check the box for federal question jurisdiction, all of which indicates to the Court that Ward is not pursuing federal law claims. Ward instead alleges federal jurisdiction based on diversity of citizenship, which suggests that he is attempting to bring some type of state law claim against Crete. His complaint, however, does not identify any state law that he believes Crete violated. The precise legal basis for Ward's complaint is unclear. For this reason, Crete moves to dismiss partially based on an

1  argument that Ward's complaint fails to state a plausible claim upon which relief may be
2  granted. *See* Fed. R. Civ. P. 12(b)(6).

3        The Court agrees with Crete that, in its current form, Ward's complaint does not
4  satisfy minimal federal pleading standards. Federal Rule of Civil Procedure 8 requires that
5  a complaint contain "a short and plain statement of the grounds for the court's jurisdiction,"
6  "a short and plain statement of the claim showing that the pleader is entitled to relief," and
7  "a demand for the relief sought." One of the primary functions of a complaint is to provide
8  the defendant with notice of the legal claims asserted against it and the factual basis for
9  those claims. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). A complaint
10 written "without simplicity, conciseness and clarity" as to who is being sued and for what,
11 "fails to perform the essential functions of a complaint." *Id.* at 1180. Although Ward's
12 complaint is simple and concise, it fails to clearly notify Crete of the legal basis for
13 whatever claim or claims Ward is attempting to pursue. Ward's complaint therefore is
14 subject to dismissal under Rule 12(b)(6).

15       Ordinarily, the Court would afford a self-represented litigant like Ward an
16 opportunity to amend his complaint to cure these problems before terminating the case.
17 But here, leave to amend is not warranted because, as Crete correctly argues, Ward's case
18 suffers from an additional defect—it has been filed in the wrong place.

19       For this Court to hear a case against Crete, it must first have personal jurisdiction
20 over Crete. Personal jurisdiction can be either general or specific. General personal
21 jurisdiction exists where the non-resident defendant has continuous and systematic contact
22 with the forum. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir.
23 2004). "This is an exacting standard, as it should be, because a finding of general
24 jurisdiction permits a defendant to be haled into court in the forum state to answer for any
25 of its activities anywhere in the world." *Id.* "When a defendant's contacts with the forum
26 do not rise to the level required for general jurisdiction, a court may exercise specific
27 jurisdiction over a claim when it arises from the defendant's activities within that forum."
28

*Compass Fin. Partners LLC v. Unlimited Holdings, Inc.*, No. CV 07-1964-PHX-MHM, 2008 WL 2945585, at *2 (D. Ariz. July 2, 2008).

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger*, 374 F.3d at 800. To do so, the plaintiff must show both that the forum state's long-arm statute confers jurisdiction over the non-resident defendant and that the exercise of jurisdiction comports with due process. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 269 (9th Cir. 1995). Where, as here, the state's long-arm statute confers jurisdiction co-extensive with the limits of the due process clause, the two inquiries merge and the Court need consider only whether the exercise of jurisdiction comports with due process. *Id.; Doe v. Am. Nat. Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997); Ariz. R. Civ. P. 4.2(a). The exercise of jurisdiction comports with due process when the non-resident defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation and citation omitted).

The Court lacks general personal jurisdiction over Crete. Crete is a foreign corporation based in Nebraska, and Ward has not alleged or argued that Crete's contacts with Arizona are so continuous and systematic that it may be treated as being at home in Arizona, despite not being incorporated or headquartered here.

Nor does the Court has specific personal jurisdiction over Crete. Ward's complaint alleges perceived misconduct by Crete during the time Ward was employed with the company. But Ward was employed in and working out of Salt Lake City, Utah during this time, and nothing in his complaint or response brief indicates that any of the alleged misconduct occurred in Arizona. The only connection between Arizona and this litigation is that Ward now lives here, but that is insufficient to establish specific personal jurisdiction over Crete. If Ward wishes to pursue his complaint against Crete, he must do so in a state that has specific or general personal jurisdiction over Crete.

For these reasons,

**IT IS ORDERED** that Crete's motion to dismiss (Doc. 9) is **GRANTED**. The Clerk of the Court is directed to terminate this case.

Dated this 5th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge